Kerry R. Bensinger, State Bar No. 132178
BENSINGER, RITT, TAI & THVEDT
A Limited Liability Partnership
65 North Raymond Avenue, Suite 320
Pasadena, California 91103
Tel:  (626) 685-2550
Fax: (626) 685-2562

Attorney for Defendant ALEXANDER SANCHEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR-09 00466-R-22 |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE DERIVED FROM IMPROPERLY HANDLED INTERCEPTIONS NOT TIMELY AND PROPERLY SEALED** |
| v. | |
| JOSE ALFARO, et al., | |
| Defendants. | Hearing Date:  August 30, 2010<br>Time:  1:30 p.m.<br>Courtroom:  Judge Manuel L. Real |

TO UNITED STATES ATTORNEY ANDRE BIROTTE AND ASSISTANT UNITED STATES ATTORNEYS ELIZABETH CARPENTER, ABIGAIL W. EVANS, AND XOCHITL ARTEGA, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on August 30, 2010, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Manuel L. Real, defendant Alex Sanchez, by and through his counsel of record Kerry R. Bensinger, joined in by defendants Jose Alfaro, Hugo Bolanos, Juan Cendejas, Carlos Cuentas, Yanira Escalante, Juan Fuentes, Jose Gonzalez, Paul Cortez Jovel, Pedro Lopez, Juan Mancilla, Josue Martinez, Kelvin Melgar, Fernando Morales, David

Rivera and Guillermo Vasquez-Landaver, will and hereby do move to suppress any and all evidence seized or gathered, directly or indirectly, as a result of unlawful electronic eavesdropping and surveillance.

This motion is made on the ground that the evidence collected under the putative authority of wiretap orders 00-119 (May 25, 2000), 00-119(A) (June 30, 2000), 00-119(B) (Aug. 4, 2000), 00-304 (Nov. 20, 2000), 00-304(A) (Jan. 2, 2001), 00-304(B) (Feb. 1, 2001), 03-194 (June 12, 2003), 00-336 (Nov. 5, 2003), 00-354 (Nov. 21, 2003), 06-104 (Apr. 26, 2006), 06-118 (May 17, 2006), 06-194 (July 19, 2006), 06-285 (Nov. 29, 2006), 06-285(A) (Dec. 29, 2006), 06-285(B) (Jan. 26, 2007), 08wt001-JLK (Jan. 8, Feb. 7, Mar. 7, Apr. 4, 2008), and 08wt0012-JLK (Mar. 12, May 10, 2008) are inadmissible because the government failed to comply with the strict judicial oversight and sealing and recording requirements that are a prerequisite to admissibility under 18 U.S.C. § 2518 and that the communications were therefore unlawfully seized and the interceptions were not made in conformity with the orders of authorization and the requirements of Title 18 and the Fourth Amendment.

This motion is based upon the attached Memorandum of Points and Authorities, Declaration of Kerry Bensinger filed in support of Motion to Suppress Evidence Served from Unnecessary Wiretap Obtained on False Pretenses, exhibits, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

DATED: July 30, 2010

Respectfully submitted,

BENSINGER, RITT, TAI & THVEDT
A Limited Liability Law Partnership

S/ KERRY R. BENSINGER

KERRY R. BENSINGER
Attorney for Defendant
ALEXANDER SANCHEZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

On or about May 25, 2000, the Government applied for a wiretap on the telephone of defendant Ruben Pineda; following two extensions, the wiretap expired on September 4, 2000. Despite requests from the defense, the Government has produced no evidence tending to suggest that the recordings were ever sealed.

On November 9, 2000, the Government obtained a wiretap on the telephone of Rebecca Quezada. The government obtained an extension thereof and included a wiretap on Ms. Quezada's cellular telephone; these wiretaps expired on or about March 3, 2001. Despite requests from the defense, the Government has not produced any evidence that the recordings were submitted to judicial oversight and properly maintained and sealed following interception.

Three years later, the government obtained a wiretap on June 12, 2003 to listen to the phone calls of Nelson Comandari. The June 2003 wiretap expired on July 13, 2003 but, four months later, the government applied for new wiretaps on Comandari's phones on November 5, and November 21, 2003, the first of which was abandoned and the second expired on December 21, 2003. The government has produced no evidence that it ever applied to have the recording sealed.

On April 26, 2006 and May 17, 2006 agents obtained permission to place wiretaps on the cell phones of Oscar Nunez and Jose Bonilla in order to listen in to conversations of Juan Fuentes and/or Juan Cendejas. (Ex. 10, at 739, Bates 020; Ex. 11, at 880, Bates 143.) These wiretaps expired on May 26 and June 16, 2006. The following month, on July 19, 2006, the government secured another wiretap on Ruben Pineda's phone which expired on August 18, 2006. On November 29, 2006, government agents obtained permission to eavesdrop on the calls of defendant Kelvin Melgar, authority for which was twice extended and expired on February 25, 2007.

1

No evidence has been produced regarding the handling of these intercepted recordings.

Beginning January 2008, the government sought a series of wiretaps from the district court in Denver, Colorado. The first wiretap order was obtained on January 8, 2008, and expired on May 4, 2008. The second set of wiretaps (08wt12) was obtained March 12, 2008, which expired April 11, 2008. However, the government applied for another wiretap under the same docket number on May 10, 2008,[1] an order that expired June 9, 2008. No different than the rest, the government has failed to provide any evidence that the recordings seized from the Denver wiretaps were presented to a judicial officer and sealed at his or her direction.

## II.

## ARGUMENT

Title III imposes specific requirements for the handling of intercepted communications even after the conversations have been intercepted:

First, "The contents of any wire, oral, or electronic communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device." 18 U.S.C. § 2518(8)(a). Second, "The recording of the contents of any wire, oral, or electronic communication under this subsection shall be done in such a way as will protect the recording from editing or other alterations." Id. Third, "Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions." Id. Fourth, Congress directed that "Custody of the recordings shall be wherever the judge orders." 18 U.S.C. § 2518(8)(a).

The government has produced no evidence identifying the manner or means by which the intercepted telephone calls were recorded nor provided any evidence that

---

[1] Meaning that the government either attempted to renew a previously expired wiretap or obtained an extension that was not produced in discovery.

the recording was accomplished "in such a way as will protect the recording from editing or other alterations." 18 U.S.C. § 2518(8)(a). Nor has the government produced any order indicating that it sought any judicial guidance for the manner and location of storing the intercepted communications.

Most critically, however, the government has produced no evidence demonstrating that the recordings were sealed, let alone timely and properly sealed.

No warrant authorizing the seizure of evidence is valid under the Fourth Amendment unless it contains provision for judicial oversight that includes an obligation to file a return to the judicial officer turning over the materials seized pursuant to the warrant. This applies with equal force to seizures of oral conversations and electronic communications. Berger v. New York, 388 U.S. at 60. Carrying out this constitutional command, Title III directs that original recordings of evidence seized by wiretaps "shall be made available to the judge issuing such order and sealed under his directions" "[i]mmediately upon the expiration of the period of the order." 18 U.S.C. § 2518(8)(a). The Ninth Circuit has held that "immediately" requires sealing of the recordings "within one or two days," and that "any delay beyond that certainly calls for explanation." United States v. Pedroni, 958 F.2d 262, 265 (9th Cir. 1992). If not strictly complied with and sealed "immediately," the Government must "explain not only why a delay occurred but also why it is excusable." United States v. Ojeda Rios, 495 U.S. 257, 265, 110 S.Ct. 1845, 109 L.Ed.2d 224 (1990).

If the government fails to seal the recording "immediately," it cannot use the intercepted communications against the surveilled individual in a criminal trial.

> The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom.

18 U.S.C. § 2518(8)(a).

The Government's assurance that the integrity of the tapes were maintained does not suffice. Ojeda Rios, 495 U.S. at 264-265 ("To hold that proof of nontampering is a substitute for a satisfactory explanation is foreclosed by the plain words of the sealing provision."). Where the Government fails to account for its dilatory sealing, the intercepted communications must be excluded at trial. United States v. McGuire, 307 F.3d 1192, 1204 (9th Cir. 2002).

The first of the wiretaps expired more than a decade ago; the most recent wiretap expired two years ago. The government has failed to provide *any* evidence that any of the intercepted communications were *ever* sealed, let alone sealed "immediately" and carried out in accordance with § 2518's strict requirements. The Government has never offered any explanation for the absence of sealing applications.[2]

Accordingly, because the Government failed to comport with the timely sealing requirement, all tapes must be excluded at trial.

DATED: July 30, 2010                Respectfully submitted,

                                    BENSINGER, RITT, TAI & THVEDT
                                    A Limited Liability Law Partnership

                                    S/ KERRY R. BENSINGER
                                    _____
                                    KERRY R. BENSINGER
                                    Attorney for Defendant
                                    ALEXANDER SANCHEZ

---

[2] The government has not even suggested that it could, in any way, prove that it can establish a chain of custody for the recordings, establish that they were not tampered with. Ultimately, however, these are side points because a purported chain of custody or evidence of non-tampering is no substitute for the delay in sealing the recordings, if not the wholesale failure to have them timely and promptly sealed.