ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH CARPENTER (SBN 243460)
ABIGAIL W. EVANS (SBN 249629)
XOCHITL ARTEAGA (SBN 227034)
Assistant United States Attorneys
KEVIN L. ROSENBERG (SBN OH 81448)
Department of Justice
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0347/0703/0500
    Facsimile: (213) 894-3713
    E-mail:   elizabeth.carpenter@usdoj.gov
              abigail.w.evans@usdoj.gov
              xochitl.arteaga@usdoj.gov
              kevin.rosenberg2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 09-0466-R |
|---|---|
| Plaintiff, | ) GOVERNMENT'S OPPOSITION TO DISCLOSURE OF GRAND JURY TRANSCRIPTS OF NON-TESTIFYING WITNESSES |
| v. | |
| JOSE ALFARO, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record Assistant United States Attorneys Elizabeth Carpenter, Abigail W. Evans, Xochitl Arteaga, and Department of Justice Attorney Kevin L. Rosenberg, respectfully submits its

1

1 opposition to defendant Alex Sanchez's motion to unseal the grand
2 jury transcripts of non-testifying witnesses filed on July 29,
3 2010.
4     This opposition is based on the attached memorandum of
5 points and authorities, the files and records of this case, and
6 any additional argument that the Court may wish to consider at
7 the hearing on this motion.

9 DATED: August 16, 2010    Respectfully submitted,

10     ANDRÉ BIROTTE JR.
    United States Attorney

11     ROBERT E. DUGDALE
12     Assistant United States Attorney
    Chief, Criminal Division

14     /s/Kevin Rosenberg
    ELIZABETH CARPENTER
15     ABIGAIL W. EVANS
    XOCHITL ARTEAGA
16     Assistant United States Attorneys
    Violent & Organized Crime Section

    KEVIN ROSENBERG
18     Department of Justice Attorney

19     Attorneys for Plaintiff
    UNITED STATES OF AMERICA

2

## I. Introduction

Defendant Sanchez seeks an order compelling the government to produce grand jury transcripts of testimony from witnesses the government does not currently intend to call at trial. Defendant is not entitled to the transcripts, however, because they do not fall within any category of discoverable information. Because defendant has not carried his burden of providing any particularized need for these grand jury transcripts as required by law, his motion should be denied.

## II. FACTS

On April 23, 2010, the Court ordered the Government to produce grand jury transcripts to defendants 120 days before trial. In the case at bar, only two witnesses appeared before the grand jury: FBI Special Agent Jonathan Bauman and LAPD Detective Frank Flores. On June 29, 2010, the Government informed defense counsel that, given the Court's ruling striking Racketeering Act Eighteen of Count One if the government calls Detective Flores as an expert witness, it did not presently intend to call either Detective Flores or Special Agent Bauman as a witness at trial.[1] Irrespective of the fact that the

---

[1] As the Court and all parties are aware, this ruling is the subject of an interlocutory appeal in the Court of Appeals. However, at present, given the Court's order requiring the government to choose between proceeding on the racketeering act concerning the conspiracy to kill Detective Flores or calling Detective Flores as an expert witness, the government has elected to proceed on the conspiracy charge. This could, of course, change if the government prevails in the Court of Appeals. Accordingly, the government informed defense counsel that if

3

government has no intention of calling either Detective Flores or Special Agent Bauman, Alex Sanchez moves this Court to unseal the grand jury transcripts of these non-testifying witnesses. The government did not understand the Court's order to mandate production of grand jury transcripts in general, but rather, ordered a production deadline for those transcripts the government intended produce. As the Court is aware, grand jury transcripts are usually turned over for witnesses who are testifying at trial, as part of the government's obligations under <u>Jencks</u>. No discovery theory permits their disclosure, and the government therefore does not intend to produce them.

## II.  ARGUMENT

### A.  Legal Standard

In order to be entitled to disclosure of grand jury minutes, a defendant must make a showing of "particularized need" that outweighs the strong interest in maintaining the secrecy of grand jury proceedings. <u>Dennis v. United States</u>, 384 U.S. 855, 870 (1966), <u>U.S. v. Perez</u>, 67 F.3d 1371, 1381 (9th Cir. 1995). To meet the particularized need standard, a party must establish that: (1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed.

---

there was a material change in circumstances such that the government could call Detective Flores without sacrificing a substantial element of the case, the government would at that time produce Detective Flores's grand jury testimony.

See Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979); see, e.g., United States v. McDowell, 888 F.2d 285, 289 (3rd Cir. 1989); e.g., In re Grand Jury Proceedings ex rel. Perl, 838 F.2d 304, 308 (8th Cir. 1988) ("It is now firmly established that a person seeking Rule 6(e)(3)(C)(i) disclosure carries the burden of making a "strong showing of particularized need for grand jury materials.")(emphasis added) The burden, however, is on the defense to show that a "particularized need" exists for the minutes which outweighs the policy of secrecy. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959).

B.   The Flores and Bauman grand jury transcripts are not discoverable.

Because neither Detective Flores nor Special Agent Bauman is presently expected to testify at trial, their grand jury testimony is not discoverable. See, United States v. Murillo-Contreras, 81 Fed.Appx.690, 692 (9th Cir. 2003) (no abuse of discretion in refusing to order disclosure of grand jury transcripts where the sole grand jury witness did not testify at trial).

C.   The requested grand jury records cannot be used for impeachment purposes, to test witness credibility, or to refresh witness recollection.

Defendant suggests that he can show that he has a "particularized need" for the grand jury transcripts, in that he requires them to impeach witnesses, refresh their recollection, or to test credibility. Def's Mot. at 3, citing Douglas Oil, 441

U.S. at 222. But defendant fails to explain how the grand jury testimony of Special Agent Bauman or Detective Flores could be used in such a fashion where neither one testifies.

Defendant specifically asks that he be allowed to review Detective Flores's testimony so that he may impeach a different gang expert at trial. (Def's Mot. at 6.) He fails to cite any need to obtain Detective Flores's expert opinions through secret grand jury testimony, as opposed to public trial testimony. The government has provided defense counsel with numerous transcripts of Detective Flores's expert testimony in previous cases, and defendant has made no showing that the *sealed grand jury transcript* is needed in any way.

> D. <u>Disclosure of grand jury testimony is not warranted where discovery has been provided concerning subject matter of the grand jury testimony.</u>

Defendant argues that in a case "of this magnitude covering a RICO conspiracy spanning fourteen years, disclosure of the summary witness's testimony will enable the defendants to understand the evidence to be presented against them." (Def's Mot. at 5.) But defendant's request runs afoul of Supreme Court precedent. In <u>United States v. Sells Engineering</u>, 463 U.S. 418, 446 (1983), the Supreme Court held that "in weighing the need for disclosure, the court could take into account any alternative discovery tools available by statute." The government has already provided the defendant with ample discoverable material - namely, the very primary source information that Detective Flores relied upon while testifying in the grand jury about the evidence

supporting the charges in the indictment. Certainly the materials already in defense counsel's possession are sufficient to explain the evidence to be presented against him. Defendant should not be permitted to abuse the rules ensuring grand jury secrecy in order simply to read a summary of the discovery already provided by the Government. His argument would essentially do away with the entire notion of grand jury secrecy in complex cases.

  E. <u>Defendant is not entitled to secret grand jury proceedings from unrelated grand juries.</u>

  Defendant's bald request for grand jury transcripts from "all witnesses" appearing before "any" grand jury fails to meet a showing of particularized need. (See, Def's Mot. at 3-4.) It is difficult for the government to respond to such a broad request, except to say that the government has complied with its discovery obligations. To the extent that defendant is suggesting that he is entitled to grand jury testimony from grand juries convened in other cases, his request has no basis in law and is the type of wide ranging speculative request that is properly rejected. <u>United States v. Kim</u>, 577 F.2d 473, 478 (9th Cir. 1978)(cautioning against "allowing across the board fishing expeditions.")

  F. <u>Defense counsel's speculative argument does not overcome the presumption of grand jury secrecy.</u>

  Defendant's final argument for the disclosure of grand jury testimony is a factually unsupported allegation that the prosecution presented false evidence to the grand jury. "[T]he

7

law presumes, absent a showing to the contrary, that a grand jury acts within the legitimate scope of its authority." United States v. R. Enterprises, Inc., 498 U.S. 292, 300 (1991), citing United States v. Mechanik, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process."). Defendant must show more than "mere speculation" to overcome the policy of grand jury secrecy. United States v. Syling, 553 F.Supp.2d 1187 (D. Hawaii 2008), citing United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986) (denying a motion for grand jury transcripts because defendant did not allege specific facts supporting his motion, making his motion speculative) see also United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980) (mere "unsubstantiated, speculative assertions of improprieties in the proceedings" do not supply the "particular need" required to outweigh the policy of grand jury secrecy). Accordingly, defendant has not carried his burden of showing that an abuse has occurred.

## Conclusion

Defendant has failed to carry his burden to demonstrate he is entitled to the information he seeks. For the foregoing reasons, defendant's motion should be denied.