ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH CARPENTER(SBN 243460)
ABIGAIL W. EVANS (SBN 249629)
XOCHITL D. ARTEAGA (SBN 227034)
Assistant United States Attorneys
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0347/0703/0500
    Facsimile:  (213) 894-3713
    E-mail: elizabeth.carpenter@usdoj.gov
           abigail.w.evans@usdoj.gov
           xochitl.arteaga@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE ALFARO, et al.<br><br>    Defendants. | No. CR 09-466-R<br><br>GOVERNMENT'S SUPPLEMENTAL POSITION REGARDING MOTION TO SUPPRESS EVIDENCE DERIVED FROM IMPROPERLY HANDLED INTERCEPTIONS NOT TIMELY AND PROPERLY SEALED; DECLARATION OF XOCHITL ARTEAGA; EXHIBIT A<br><br>Date: September 16, 2010<br>Time: 10:00 a.m. |

    The government respectfully files this supplemental position in light of a reply brief filed by defendant Alex Sanchez, and joined by defendants Jose Alfaro, Hugo Bolanos, Juan Cendejas, Carlos Cuentas, Yanira Escalante, Juan Fuentes, Jose Gonzalez, Paul Cortez Jovel, Pedro Lopez, Juan Mancilla, Josue Martinez, Kelvin Melgar, Fernando Morales, David Rivera, and Guillermo

Vasquez-Landaver.  This supplemental position is based upon the attached memorandum of points and authorities, the attached declarations, the files and records in this case, and any evidence introduced at any hearing on the motions.

DATED: September 15, 2010         Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

  /s/ Xochitl D. Arteaga
ELIZABETH CARPENTER
ABIGAIL W. EVANS
XOCHITL D. ARTEAGA
Assistant United States Attorneys
Violent and Organized Crime Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND FACTUAL BACKGROUND**

The government has not improperly flouted Title III's requirements for sealing.  Defendant overstates the facts and the government's burden in sealing interceptions, and the remedy available to him as a result of the justified actions of the government attorneys and the issuing judges in this case.  The government supplements its briefing in order to perfect the record with respect to the facts.  A correct chart of the interceptions and their sealing dates is attached as Exhibit A to this filing.

The government is required to immediately present for sealing, upon the expiration of the period of a wiretap order, <u>or extensions</u> thereof, such recordings to the judge issuing the order.  <u>United States v. Reed</u>, 575 F.3d 900, 913-914 (9th Cir. 2009), <u>citing</u> 18 U.S.C. § 2518(8)(a).  Although the government must generally make the interceptions available to the judge issuing the wiretap within two court days, the actual sealing of the recordings may not always by accomplished by the district court immediately.  <u>Id.</u>  In the alternative, a delay in sealing on the part of the government can be justified by an explanation. <u>United States v. Pedroni</u>, 958 F.2d 262, 265 (9th Cir. 1992).

It is important to note that the length of a delay is not a dispositive factor.  <u>Reed</u> at 914, <u>citing</u> <u>Pedroni</u> at 265-66 (admitting recordings after 14 day delay and citing cases admitting recordings after delays of 20, 39, 57 and 118 days).  Courts admit evidence based on delayed sealing with regularity.

1. <u>Most of the interceptions were sealed "immediately" or had extensions.</u>

A number of the interceptions were indeed presented for sealing to the issuing judge within two court days, and the issuing judge sealed them shortly thereafter. Therefore, defendants' motion fails as to 16 of the 21 interceptions, namely, 00-119, 00-119(A), 00-304(B), 03-354, 06-104, 06-118, 06-194, 06-285, 06-285(A), 06-285(B), 08wt001-1, 08wt001-2, 08wt001-3, 08wt001-4, 08wt0012-1, and 08wt012-2. See, Exhibit A.

In addition, the timing of the sealing is linked to the final extension of the telephone line, and not to each order as suggested by defendants. Where, as with numerous interceptions at issue here, the government obtained extensions on those communication facilities, sealing is required "only at the conclusion of the whole surveillance." See, e.g., <u>United States v. Scafidi</u>, 564 F.2d 633, 641 (2nd Cir. 1977).[1] As a result, the sealing of interceptions 00-119, 00-119(A), 00-304, 00-304(A), 06-285, and 06-285(A) could not be untimely as they were due at the conclusion of the whole surveillance.

---

[1] The definition of "extension" appears to be an open question in this circuit. However, in <u>United States v. Hermanek</u>, 289 F.3d 1076, 1087 (9th Cir. 2002), the Ninth Circuit too described an "extension" as the last authority to intercept a number in an investigation. Although the Circuit has withdrawn its opinion in <u>Hermanek</u> for unknown reasons, it continues to cite <u>Hermanek</u> as good law for propositions not relevant here. See, e.g., <u>United States v. Reed</u>, 575 F.3d 900, 908 (9th Cir. 2009) (citing <u>Hermanek</u> for the standard of review); <u>United States v. Staves</u>, 383 F.3d 977, 981 (9th Cir. 2004); (citing <u>Hermanek</u> regarding roving wiretaps); <u>United States v. Decoud</u>, 456 F.3d 996, 1013 (9th Cir. 2006) (citing <u>Hermanek</u> for propriety of expert testimony).

2. <u>Any delay in sealing was justified</u>

Regardless, any delay in sealing was justified. Of the four remaining interceptions not disposed of by the argument above, namely 00-119(B), 00-304, 03-194, and 03-336, the government sought information from the prosecutors who handled the matter (including the Criminal Chief of the United States Attorney's Office for the Central District of California). Each prosecutor represents that there was no deliberate flouting of the Title III requirements, and that there is no reason to doubt the recordings' integrity. Arteaga Decl. at ¶ 2. Further, each are attempting to reconstruct the circumstances for any delay, and the government would seek to provide the information to the Court should it require it. <u>Id.</u>